UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| STEVE HARDIN, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | Nos. 2:11-CR-70 |
| ) |       2:14-CV-60 |
| UNITED STATES OF AMERICA, ) | |
|     Respondent. ) | |
| ) | |

**MEMORANDUM AND ORDER**

Steve Hardin ("petitioner") is a federal prisoner due to his conviction and sentence in this Court for conspiring to manufacture 50 or more grams of methamphetamine. Petitioner has filed a motion pursuant to 28 U.S.C. §2255 to vacate, set aside, or correct his sentence. [Doc. 98]. For the reasons discussed in this memorandum, the motion is DENIED.

**I.  General Background**

On August 9, 2011, petitioner and three others were charged with various offenses involving the manufacture and distribution of methamphetamine. Petitioner was charged in Count One with conspiring to manufacture 50 or more grams of methamphetamine; in Count Two with distributing and possessing with the intent to distribute 50 or more grams of methamphetamine; and in Count Four with possessing the equipment and chemicals used to manufacture the drug.[1] Count One carried a minimum mandatory sentence of ten years up to a maximum of life, 21 U.S.C. §§846, 841(b)(1)(A).

Attorney Charles Martin, a member of the Criminal Justice Act Panel of this Court, was appointed to represent petitioner. On January 17, 2012, petitioner and the government entered

---

[1] Doc. 3.

1

into a plea agreement in which petitioner (1) pled guilty to Count One, conspiring to manufacture 50 or more grams of methamphetamine; (2) agreed to waive his right to file a direct appeal except to contest any sentence imposed upon him which was above the greater of his guideline range or the minimum mandatory sentence; and (3) agreed to waive his right to collaterally attack his conviction or sentence except for claims of ineffective assistance of counsel or prosecutorial misconduct unknown to him at the time of the entry of judgment.[2]

Petitioner's was sentenced on June 25, 2012. His guideline range was 121 to 151 months.[3] This Court sentenced petitioner to 136 months imprisonment, precisely in the middle of his guideline range.[4] The judgment was filed on June 28, 2012. No appeal was filed.

## II.     Petitioner's Motion

On March 3, 2014, petitioner filed his motion to vacate, set aside, or correct his sentence. In his motion, he asserts a single ground: that attorney Martin was ineffective for failing to comply with petitioner's instructions to file a notice of appeal.[5]

## III.    The Government's Response

The government makes two succinct arguments: First, petitioner waived his right to a direct appeal, and even if this court granted an untimely appeal, it "likely" would be dismissed by the Sixth Circuit. Second, the motion was filed well beyond the one-year limitation period of 28 USC § 2255 (f) and is therefore barred.

## IV.    Legal Standard

This Court must vacate and set aside petitioner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or

---

[2] Plea Agreement, Doc. 57 ¶¶ 1, 13
[3] Presentence Report ("PSR"), ¶ 78.
[4] Judgment, Doc. 80.
[5] Doc. 98, p. 4.

otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . ." 28 U.S.C. § 2255. Under Rule 4 of the Governing Rules, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveal the movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, the court may summarily dismiss the § 2255 motion under Rule 4.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." O'Malley, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson,* 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F. 3d 352, 354 (6th Cir. 1994). See also *United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F. 2d 1039, 1041 (6th Cir.), cert. denied, 439 U.S. 988 (1978). To warrant relief for a non-constitutional error, petitioner must show a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F. 3d 503,

506 (6th Cir.), cert. denied, 517 U.S. 1200 (1996).

In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

When a § 2255 Petitioner claims he was denied his sixth amendment right to effective assistance of counsel, it is noted that an attorney is presumed to have provided effective assistance, and the Petitioner bears the burden of showing that the attorney did not, *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003). Petitioner must prove that specific acts or omissions by his attorney were deficient and that the attorney failed to provide "reasonably effective assistance," *Strickland v. Washington*, 466 U.S. 668, 687 (1987), which is measured by "prevailing professional norms," *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). If Petitioner crosses this evidentiary hurdle, he must then show "a reasonable probability that, but for [the attorney's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. In other words, he must show that he was prejudiced by the attorney's deficient representation:

> To succeed on an ineffective assistance claim, a defendant must show that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). [A court's ] review of counsel's performance is "highly deferential." Id. at 689, 104 S.Ct. 2052. [The court must] "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690, 104 S.Ct. 2052. The defendant "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. To establish "prejudice," a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694, 104 S.Ct. 2052. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. ——, 131 S.Ct. 770, 792, 178 L.Ed.2d 624 (2011). And, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed." *Strickland,* 466 U.S. at 697, 104 S.Ct. 2052.

4

*Docherty v. United States*, 536 Fed. Appx. 547, 551 (6th. Cir. 2013).

A lawyer who fails to follow the client's instructions to file an appeal has rendered deficient service as a matter of law, irrespective that the likelihood of success on appeal is slight to none. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000); *Ludwig v. United States*, 162 F.3d. 456, 459 (6th Cir. 1998). Prejudice is presumed, *Ludwig*, at 459.

**V.     Analysis**

`     Because the Court finds that the petition is clearly untimely, it will not address the petition on the merits.

The judgment was filed on June 28, 2012. The Antiterrorism and Effective Death Penalty Act ("AEDPA") contains a one-year period of limitations for § 2255 motions which generally runs from "the date on which the judgment of conviction became final." 28 U.S.C. § 2255(f)(1). "When a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed." *Sanchez-Castellano v. United States*, 358 F.3d 424, 426-27 (6th Cir. 2004) (citing *United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002)). At the time relevant to this suit, that period was 14 days after the entry of judgment. *See* Fed. R. App. P. 4(b)(1)(A)(2012). Therefore, in petitioner's case the limitations period begin to run on July 12, 2012 and expired on July 12, 2013, eight months before petitioner filed his motion under §2255 on March 3, 2014.

The Supreme Court has held that equitable tolling of a statute of limitation is available "in appropriate cases." *Holland v. Florida*, 560 U.S. 631 (2010). Petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citations omitted). "A habeas petitioner is entitled to equitable tolling only if two

5

requirements are met. First, the petitioner must establish 'that he has been pursuing his rights diligently.' And second, the petitioner must show 'that some extraordinary circumstance stood in his way and prevented timely filing.'" *Hall v. Warden, Lebanon Correctional Institution*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Holland v. Florida*, 560 U.S. 649). "The doctrine of equitable tolling is applied sparingly by federal courts," and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2013) (citations and internal quotation marks omitted).

As noted, the burden is upon petitioner to demonstrate that he is entitled to equitable tolling. The closest petitioner comes to setting forth a reason to justify the application of equitable tolling is set out in paragraph 18 of his motion:

> Petitioner was awaiting for Attorney Charles Martin to advise him status of his direct appeal. Petitioner has moved forward with this 2255 motion because he can not get counsel to return his letters or answer his phone calls.

Notwithstanding that the government explicitly pled the statute of limitation in bar of petitioner's motion in its response filed on November 12, 2014, petitioner has filed no reply to explain further why he should be entitled to equitable tolling of the limitation period. It is particularly noteworthy that he did not avail himself of the opportunity to submit copies of the letters he refers to in paragraph 18. In any event, his claim that his attorney refused to talk to him does not satisfy the requirement for the limitations period to be equitably tolled. He was told by this Court at his sentencing hearing that he had fourteen days in which to file a notice of appeal, and that the clerk of the court would assist him if he so requested. Even if his attorney did not answer his phone calls or "return his letters," a simple phone call by petitioner

to the clerk of this Court within the one-year period to file a §2255 motion would have informed him that no notice of appeal had been filed. Similarly, a call to the Clerk of the Sixth Circuit Court of Appeals would have provided him with the same information. He did not request the assistance of the Court in any way. Additionally, he says in both his brief and accompanying affidavit that attorney Martin said that he would "come over to the jail" to talk to him about the appeal. Petitioner would have been at the local jail for only a short time until he was assigned to a Bureau of Prisons facility. According to petitioner, attorney Martin has yet to talk to him. Therefore, with a matter of weeks, petitioner was on notice that something was amiss regarding an appeal, yet he waited twenty months before filing his §2255 motion. Again, a phone call to the clerk of this court anytime between June 28, 2012 and July 12, 2013 would have informed him that no appeal had been filed. In short, petitioner did not exercise diligence with regard to his professed desire to appeal.

**VI.    Conclusion**

For the reasons discussed above, the Court holds that petitioner's motion is barred by 28 U.S.C. § 2255(f)(1). Therefore, his to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, Doc. 98, is DENIED.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F. 3d 466 (6th Cir. 2001). The District Court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. Id. at 467. Each issue must be considered under the standard set forth by the Supreme Court in *Slack v.*

*McDaniel,* 529 U.S. 473, 120 S. Ct. 1595 (2000). Id.

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." After reviewing Petitioner's claim, the Court finds that reasonable jurists could not conclude that petitioner's claim is adequate to deserve further review. Because petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.

A separate judgment will enter.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE