UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) |                |
|--------------------------|---|----------------|
|                          | ) |                |
| v.                       | ) | No. 2:11-CR-70 |
|                          | ) |                |
| STEVE HARDIN             | ) |                |

**MEMORANDUM OPINION**

This criminal case is before the Court on the defendant's motion for a reduction of sentence, [Doc. 120]. The defendant requests a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines ("USSG") § 1B1.10 as amended by Amendments 780 and 782 to the USSG. The United States has responded and acknowledges the defendant is eligible for a sentence reduction, but defers to the Court's discretion whether and to what extent to reduce defendant's sentence, [Doc. 121]. The defendant has subsequently filed a motion for status review, [Doc. 125], regarding his currently pending motion for sentence reduction. In accordance with the reasoning below, the defendant's motion for sentence reduction, [Doc. 120], will be **GRANTED IN PART**.

The defendant was convicted of participating in a conspiracy to manufacture 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). The defendant was held accountable for his offense involving at least 50 grams but less than 150 grams of actual methamphetamine. This resulted in a base offense level of 32. After decreasing the base offense level by three levels pursuant to USSG § 3E1.1(a) & (b) (acceptance of responsibility), the defendant's total offense level was calculated at 29. With a criminal history category of IV, the defendant's resulting advisory guideline range at sentencing was 121 months to 151 months. The

defendant was subject to a mandatory minimum sentence of 120 months. The Court imposed a sentence of 136 months' imprisonment, at the middle of his advisory guideline range.

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011) (internal citation and quotation marks omitted). Title 18 United States Code § 3582(c)(2), however, gives a district court authority to modify a term of imprisonment that has been imposed on a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission," 18 U.S.C. § 3582(c), through a retroactively applicable amendment such as Amendment 782. *Id.*; USSG § 1B1.10. The Court may reduce the term, "after considering the factors set forth in § 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 1B1.10 identifies the guideline amendments that may be applied retroactively, and sets out the factors for deciding a sentence reduction motion under § 3582(c). The Supreme Court has made clear that § 3582 does not require a sentencing or resentencing proceeding, but gives courts the power to reduce an otherwise final sentence under circumstances established by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817 (2010); *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010); USSG § 1B1.10, cmt. background (noting that a reduction under § 1B1.10 is discretionary and "does not entitle a defendant to a reduced term of imprisonment as a matter of right").

Section 3582(c)(2) establishes a two-step inquiry: First, the court must determine whether the defendant is eligible for a sentence reduction. If he is, the court must then consider whether, in its discretion, the authorized reduction is warranted in whole or in part under the circumstances.

*Dillon*, 130 S. Ct. at 2691-92; *United States v. Greenwood*, 521 F. App'x 544, 547 (6th Cir. 2013). In exercising its discretion, the court is required to consider public safety factors and is permitted to consider post-sentencing conduct in deciding whether a reduction in the defendant's term of imprisonment is warranted. USSG § 1B1.10, cmt. (n. 1(B)(ii)-(iii)). Thus, the district court is required to consider both the § 3553(a) factors and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in defendant's term of imprisonment." *Curry*, 606 F.3d at 330 (quoting USSG § 1B1.10, cmt. n. 1(B)(ii)).

Based on the USSG amendments, the defendant's amended base offense level for his offense of conviction is now 30. This base offense level is decreased by three levels pursuant to USSG § 3E1.1(a) & (b) (acceptance of responsibility), resulting in an amended total offense level of 27. A total offense level of 27 combined with a criminal history category of IV results in an amended guideline range of 100 months to 125 months' imprisonment. Unlike his original guideline range, the defendant's amended guideline range is now restricted by the statutorily mandated minimum sentence of at least 120 months. Therefore, the resulting final amended advisory guideline range is 120 months to 125 months. The defendant requests an amended sentence of 120 months, which is the bottom of his amended guideline range.

An important factor in the Court's determination is the defendant's post-sentencing conduct. The defendant's Bureau of Prisons ("BOP") disciplinary record indicates that the defendant has been sanctioned on multiple occasions. The BOP disciplinary record reflects that on August 25, 2013, the defendant was sanctioned for misuse of medication, but additional information about this sanction is not available to the Court. Additionally, on May 14, 2015, the defendant was sanctioned for stealing. On July 25, 2015, the defendant possessed an unauthorized item. On March 10, 2016, the defendant was sanctioned for refusing a work assignment, and refusing to obey an order. Also,

on April 24, 2016 and June 21, 2018, the defendant was sanctioned for phone abuse. On October 4, 2018, the defendant was sanctioned for possession of anything unauthorized. Further, on January 10, 2019, the defendant was sanctioned for stealing. And, most concerning in the Court's view, the defendant was sanctioned very recently, on April 25, 2019, for the use of narcotics. Other than what is reflected in the defendant's SENTRY report, the Court does not have further information regarding the circumstances of each of these sanctions.

The Court is concerned with the defendant's continued misbehavior while in the custody of the BOP. The defendant has a history of failing to follow the rules while serving the instant term of imprisonment. The defendant's misbehavior spans across multiple years, and, at first glance, appears to be heavily concentrated in the later years of his term of imprisonment. Indeed, the defendant's most recent sanction for the use of narcotics is particularly troublesome because it evidences that the defendant has not taken the needed steps to prepare himself for reintroduction into the community. The recency of his sanctions is of principle concern in considering whether or not to grant the defendant's requested reduction.

However, the Court acknowledges that it lacks information regarding the circumstances of the sanctions. Further, although any sanction is unacceptable, the Court also recognizes that many of the defendant's sanctions are for seemingly minor misbehaviors. Additionally, there is no indication that the defendant has been sanctioned for violent behavior. The Court also recognizes that the defendant's SENTRY report reflects that he has completed a number of courses while in the custody of the Bureau of Prisons.

In considering the §3353(a) factors, the nature and seriousness of the danger to others in the community that may be posed by a reduction of this defendant's sentence, as well as the defendant's post-sentencing conduct, the Court finds that a reduction of the defendant's sentence is appropriate.

However, the Court will not grant the reduction to the full extent requested by the defendant. An amended sentence of 125 months, the top of the defendant's amended advisory guideline range, in the Court's view, accounts for all of the § 3553(a) factors as well as the defendant's post-sentencing conduct. Although this amended sentence is not the middle of his amended guideline range, it affords the defendant the benefit of the application of the retroactively applicable amendments to the USSG, while accounting for his post-sentencing conduct, in addition to the § 3553(a) factors. As such, the defendant's motion for reduction of sentence is **GRANTED IN PART** and the sentence shall be reduced to a term of 125 months. All other provisions of the judgment dated June 25, 2012 shall remain in effect. The Clerk is **DIRECTED** to terminate the defendant's motion for status review, [Doc. 125].

    ENTER:

                                                 s/J. RONNIE GREER
                                      UNITED STATES DISTRICT JUDGE